# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| **James Matthew Robinson,**<br><br>      Plaintiff,<br><br>v.<br><br>**Justin Caraway; John Rathburn; Ray Miller; Hamilton County, Texas; Calvin Boyd; Mike Cummings; Matt Kimbler; and Burnet County, Texas**<br><br>      Defendants | Case No. 2:20-cv-111 |

## ORIGINAL COMPLAINT

NOW COMES James Matthew Robinson, the Plaintiff herein, alleging and stating as follows:

### Jurisdiction and Venue

1. This Court has diversity jurisdiction under 28 U.S.C. § 1331 because the Plaintiff asserts claims under federal law.

2. Venue is proper in this Court because the Plaintiff was arrested in Upshur County, Texas without probable cause.

### Parties

3. The Plaintiff is a resident of Longview, Texas in Gregg County.

4. Defendant Justin Caraway is the sheriff of Hamilton County, Texas. He is sued in his personal capacity only.

5. Defendant John Rathburn was the jail administrator for the Hamilton County Sheriff's Office at all times relevant. He is sued in his personal capacity only.

6. Defendant Ray Miller is an investigator employed by the Hamilton County Sheriff's Office. He is sued in his personal capacity only.

7. Defendant Hamilton County, Texas is a municipality organized under the laws of the State of Texas.

8. Defendant Calvin Boyd is the sheriff of Burnet County, Texas. He is sued in his personal capacity only.

9. Defendant Mike Cummings is the chief deputy in the Burnet County Sheriff's Office. He is sued in his personal capacity only.

10. Defendant Matt Kimbler is the jail administrator for the Burnet County Sheriff's Office. He is sued in his personal capacity only.

11. Defendant Burnet County, Texas is a municipality organized under the laws of the State of Texas.

## Facts

12. On February 15, 2018, the Plaintiff was charged with selling heroin in Hamilton, Texas based on the sworn affidavit of Defendant Miller. According to the affidavit, Defendant Miller met with an individual named "Matt" at the Sonic restaurant in Hamilton on September 28, 2016 and agreed to purchase an "eight ball" of heroin for $236.00. Defendant Miller testified that he determined that "Matt" was the Plaintiff, James Matthew Robinson, by looking at "Law Enforcement records." In reality, the Plaintiff had never set foot in Hamilton County, but Defendant Miller mistook the

Plaintiff for someone with a similar name and appearance.

13. According to Defendant Miller's affidavit, "Matt" provided Defendant Miller with a cell phone number for purposes of completing their drug transaction, and the sale was completed on the night of September 28, 2016. If Defendant Miller had checked that cell phone number, he would have learned that it belonged to a flooring company in Austin, Texas, and that the Plaintiff had never worked for that company. Likewise, if Defendant Miller had run the license plate on the vehicle that "Matt" was driving, he would have learned that the Plaintiff had no connection to that vehicle.  Instead, the vehicle belonged to a friend of the real "Matt," a fact that the Plaintiff was able to determine by looking at the friend's Facebook page. In fact, "Matt" still lists his name as "Matt Robinson" on his Facebook page.

14. The Plaintiff was charged with numerous other criminal defendants as part of Defendant Caraway's "Operation Ice Storm" in Hamilton County.  Although Hamilton County is rather small, its sheriff has a penchant for self-promotion, and he likes to see his name in big-city media.  Defendant Caraway heavily promoted "Operation Ice Storm," and as a result the Plaintiff's name and photograph were published as far away as England. *See* Ashley Collman, "Police in Texas nab 23 in major meth and heroin bust - including several members of the Aryan Brotherhood," February 22, 2018 *Daily Mail* [U.K.] (https://www.dailymail.co.uk/news/article-5423003/Aryan-Brotherhood-members-arrested-drug-bust.html?fbclid=IwAR2HjU1huKmlQIzQkT70LMELOigiH3cY1G4ZGT2syq7r74Mv9MOjJqMJo2Y).

15. Shortly after "Operation Ice Storm" was publicized, a friend of the Plaintiff's then-girlfriend saw the Plaintiff's photograph on a Facebook post about "Operation Ice Storm," and she sent word to the Plaintiff.  The Plaintiff then called the Hamilton County Sheriff's Office and informed Defendant Miller that he had never set foot in Hamilton County, and that he had been mistaken for someone else.  Defendant Miller insisted that the Plaintiff needed to turn himself in for arrest anyway. Defendant Miller still made no attempt to confirm that the Plaintiff was "Matt," *i.e.*, the person responsible for the illegal drug transaction. As noted above, Defendant Miller never checked the cell phone number of "Matt" nor the license plate number of the vehicle that "Matt" was driving.

16. On May 23, 2018, the Plaintiff was arrested while visiting friends in Upshur County, Texas.  Approximately eight days later, Defendant Rathburn arrived in Upshur County and transported the Plaintiff to the Burnet County Jail.  The Plaintiff informed Defendant Rathburn and numerous Burnet County jail employees that he had never set foot in Hamilton County, and he had certainly never sold any drugs there. The Plaintiff was never arraigned before a judge.

17. State law mandates the release of a felony defendant, either by bail reduction or by personal recognizance bond, if the defendant has not been indicted or tried within 90 days of his arrest. *See* Tex. Code Crim. Pro. Ann. art. 17.151. Beginning on the 90-day mark, *i.e.*, on August 21, 2018, the Plaintiff began telling jail staff in Burnet County almost every day that he should be released because he had never been indicted or tried. On or about October 3, 2018, the Plaintiff expressly cited Article 17.151 to Burnet County jailers, and Burnett County officials finally contacted Hamilton County officials.

Nonetheless, the Defendants did not release the Plaintiff from custody until October 12, 2018.  The Plaintiff spent a total of 142 days in custody, *i.e.*, at least 52 more days than allowed by state law.

18.  Defendants Boyd, Cummings, and Kimbler had a duty to insure that inmates in the Burnet County Jail were lawfully detained, but they failed to supervise jail staff for purposes of insuring that the Plaintiff was not detained beyond 90 days. Since the Plaintiff was being detained pursuant to a contract with Hamilton County, Defendants Caraway and Rathburn likewise had a duty to insure that the Plaintiff was not detained beyond 90 days, but they too failed to supervise the performance of Defendant Boyd and his staff in Burnet County.

18.  On December 13, 2018, the undersigned sent a letter to Defendant Caraway and the local district attorney requesting information about the criminal charge against the Plaintiff, further noting that they had never produced videotaped evidence that Defendant Miller purportedly had of the Plaintiff selling drugs. To this day, the evidence has never been produced, and the Plaintiff alleges it was withheld because Defendant Caraway knew that it would exonerate the Plaintiff and embarrass Defendant Caraway and his department.

19.  In February of 2019, the Plaintiff's criminal defense attorney, Tommy Adams, notified Defendant Caraway via the district attorney that the cell phone number and license plate number belonging to "Matt" could be traced to someone who had a similar name and appearance.  Notwithstanding this, Defendant Caraway and Defendant Miller made no attempt to exonerate the Plaintiff and arrest the real "Matt." If they had arrested

they real "Matt" at that point, they would have implicitly admitted that the Plaintiff was wrongfully arrested and detained.  That would have embarrassed Defendant Caraway and his department, so instead they just left the charge pending against the Plaintiff.

20.  On April 25, 2019, the undersigned sent a letter to Defendant Caraway as well as the district judge, county judge, and district attorney. That letter reads as follows:

> As you know, James Matthew Robinson has contended for more than a year that his arrest was the result of mistaken identity. I first wrote to you in December, and the records that your department belatedly produced in response to my open records request contain a phone number that Investigator Ray Miller used to communicate with "Matt Robinson" for purposes of purchasing heroin. That number traces back to a flooring company in Central Texas, and my client has never worked for that company nor used that phone number.
>
> It should not be very difficult to figure out the person to whom that phone or phone number was assigned, thus it should not be very difficult to determine whether your department arrested the wrong person.
>
> I do not understand why your department has not made a timely effort to resolve this issue. My client is unable to find work because he has an unresolved felony drug charge on his record. Meanwhile, the longer this drags out, the stronger the civil rights case against you and the county becomes.

The charge against the Plaintiff effectively lapsed on September 28, 2019 because the Defendants failed to secure an indictment within three years of the offense.  Likewise, the real "Matt" cannot be charged because of the limitations bar. To this day, Defendant Caraway, Defendant Miller and the district attorney have not made any attempt to clear the Plaintiff's name.

## Claims

21.  The Plaintiff brings claims against the Defendants pursuant to 42 U.S.C. § 1983 because they violated his rights guaranteed by the Fourth and Fourteenth

Amendments. The Plaintiff was arrested and detained without probable cause and without due process. A law enforcement officer "must have probable cause to make an arrest based on an investigation that was reasonable under the circumstances." *Barfield v. Louisiana ex rel. Louisiana Dept. of Justice*, 325 Fed. Appx. 292, 296 (5th Cir. 2009), citing *Evett v. Deep East Texas Regional Narcotics Trafficking Task Force*, 330 F.3d 681 (5th Cir. 2003) and *Vance v. Nunnery*, 137 F.3d 270 (5th Cir. 1998). Defendant Miller failed to conduct a reasonable investigation before seeking an arrest warrant for the Plaintiff, and he refused to investigate further even after he was expressly told that the Plaintiff had never set foot in Hamilton County. Defendant Caraway ratified the wrongful arrest and detention and conspired with Defendant Miller to cover it up.

21. Defendants Caraway, Rathburn, Boyd, Cummings, and Kimbler are liable under 42 U.S.C. §1983 because they violated the Fourth and Fourteenth Amendment rights of the Plaintiff when they detained him beyond the period allowed by state law.

22. Defendants Caraway and Miller are liable under 42 U.S.C. §1983 because the wrongful arrest and detention of the Plaintiff caused significant harm to his reputation. *See Blackburn v. City of Marshall*, 42 F.3d 925, 935–36 (5th Cir. 1995) (describing stigma-plus-infringement doctrine).

23. Defendant Hamilton County, Texas is liable for the acts and omissions of Defendant Caraway because he is a final policy-maker for the county.

24. Defendant Burnet County, Texas is liable for the acts and omissions of Defendant Boyd because he is a final policy-maker for the county.

## **Request for Relief**

25.  The Plaintiff seeks actual damages, costs, and attorney fees from all of the Defendants.  The Plaintiff further seeks punitive damages against the individual Defendants.

**THE PLAINTIFF DEMANDS A JURY TRIAL.**

Respectfully submitted,

**/s/ Ty Clevenger**
Ty Clevenger
P.O. Box 20753
Brooklyn, New York 11202-0753
Tel: 979-985-5289
Fax: 979-530-9523
*tyclevenger@yahoo.com*

COUNSEL FOR PLAINTIFF
JAMES MATTHEW ROBINSON